

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Campbell K. Ford
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. O-2957
Re: Who is entitled to the $10.00
fee and the $10.00 commission
for the disposition of the
case under the facts set forth
and related questions?

Your recent request for an opinion of this Department
upon the questions as are herein stated has been received.

We quote from your letter as follows:

"I am respectfully asking your opinion upon
the following matters, to-wit:

"On January 1, 1941, I qualified and entered in-
to the duties as County Attorney of San Saba, Texas,
as successor to G. A. Walters, a former County At-
torney. During his term of office a man plead guil-
ty to unlawfully transporting liquor in San Saba
County, Texas, and was fined $100.00 and costs. By
agreement with all officers concerned defendant was
permitted to pay the balance in installments of
$25.00 each, and prior to the first of January, dur-
ing the term of the former County Attorney, the de-
fendant paid into the County Clerk $75.00 leaving
balance due, $44.00 which has been paid into the
County Clerk since I went into office January 1st.
The question arises as to who is entitled to the
$10.00 fee and the $10.00 commission due the County
Attorney.

Honorable Campbell K. Ford, Page 2

"Under a ruling to R. E. Beasley, County
Auditor, Collins County, January 16, 1940, o-
pinion #1792, it is as follows:  "Where only
a part of the fine and costs are collected, the
money collected should go first to the payment
of the cost and the balance, if any, to the a-
mount of the fine."  Mr. Walters and I agree
that he is entitled to the $10.00 fee.  The
question is whether or not he is entitled to
the $10.00 commission on the $100.00 fine?  He
claims it is due him because the $75.00 paid
before he went out of office was sufficient to
cover the fees and commission.  Only $44.00
has been paid since he went out of office on
the fine.  Does he get the full $10.00 com-
mission, or is he entitled to the ten per cent
of the fine that was paid in and am I entitled
to ten per cent of the $44.00 that has been
paid since I went in?  The clerk is holding the
$10.00 commission subject to your ruling.

"Further suggesting that during Mr. Wal-
ter's term of office several cases were ap-
pealed from convictions in the County Court to
the Court of Criminal Appeals and some of those
cases will be affirmed.  When the mandate is re-
turned Mr. Walters will insist that he is entit-
led to the fees and commissions under those con-
victions that are affirmed and we want to know
if he is correct about it or will I be entitled
to the fee and commission as his successor under
the provisions of the Statute?  Art. 335, Vern.
Ann. St., Vol. 1, p. 527, which was construed in
the case of Flint v. Jones County, 50 SW, 203,
wherein it is held "The County Attorney who is
in office when the collection is actually made
is entitled to the commissions named in this
article as fees in his office, and not the one
who prosecuted the suit to judgment but whose
term of office expired before the collection
was made."  Also under decision in 66 SW, p. 48,

Honorable Campbell K. Ford, Page 3

> relying upon this statute and these two con-
> structions thereof. Will I be entitled as the
> incumbent officer to the fees and commissions
> collected under these convictions during Mr.
> Walter's term of office but affirmed and col-
> lected under my term of office? Mr. Walters
> claims that this article and two statutes do
> not decide this question and that he will be
> entitled to all fees and commissions collect-
> ed on these cases.

> "We would like at your earliest conveni-
> ence to have your opinion on these questions."

We do not think that Article 335, Vernon's Annotated
Civil Statutes is applicable to the question involving the com-
missions on fines, etc., but the same is governed by Article
950, Code of Criminal Procedure, which reads as follows:

> "The District or County Attorney shall be
> entitled to ten per cent of all fines, forfeitures,
> or moneys collected for the State or County, upon
> judgments recovered by him; and the clerk of the
> court in which said judgments are rendered shall
> be entitled to five per cent of said judgments, to
> be paid out of the amount then collected."

Article 3892, Vernon's Annotated Civil Statutes reads
as follows:

> "Any officer mentioned in this Chapter who
> does not collect the maximum amount of his fees
> for any fiscal year and who reports delinquent
> fees for that year, shall be entitled to retain,
> when collected, such part of such delinquent
> fees as is sufficient to complete the maximum
> compensation authorized by Articles 3883, 3883-A,
> and 3886 for the year in which delinquent fees
> were charged, and also retain the amount of ex-
> cess fees authorized by law, and the remainder
> of the delinquent fees for that fiscal year
> shall be paid as herein provided for when col-
> lected; provided the provisions of this Article
> shall not apply to any officer after one year
> from the date he ceases to hold the office to

Honorable Campbell K. Ford, Page 4

which any delinquent fee is due, and in the
event the officer earning the fees that are de-
linquent has not collected the same within twelve
months after he ceases to hold the office, the
amount of fees collected shall be paid into the
county treasury. Provided, however, that nothing
in this Act precludes the payment of ex-officio
fees in accordance with Title 61 of the Revised
Civil Statutes of Texas, 1925, as part of the
maximum compensation. Provided, that any change
made in this Article by this Act shall not apply
to fees heretofore earned."

Article 3891, Vernon's Annotated Civil Statutes,
reads, in part, as follows:

"* * * All current fees earned and collected
by officers named in Article 3883 during any
fiscal year in excess of the maximum and ex-
cess allowed by this Act, and for their services
and for the services of their deputies and assist-
ants and authorized expenses, together with all
delinquent fees collected and not used as provid-
ed in Article 3892, or used to pay salaries of
deputies and assistants when current fees are
insufficient, shall be paid into the County Treas-
ury in the county where the excess accrued.

"All fees due and not collected, as shown in
the report required by Article 3897, shall be col-
lected by the officer to whose office the fees ac-
crued and shall be disposed of by said officer in
accordance with the provisions of this Act. * * *"

It is to be noted that the language used in Article
950, Code of Criminal Procedure, provides that the commissions
are payable to the county attorney who recovered the judgment.

On February 24, 1932, this department held in an o-
pinion written by Honorable Homer C. DeWolfe addressed to Hon-
orable Taylor Carlisle, County Attorney, Kaufman, Texas, that
the former County Attorney was entitled to the commissions on
fines, under facts similar to those stated in your inquiry.

Honorable Campbell K. Ford, Page 5

In view of the foregoing, you are respectfully advised that it is the opinion of this Department that the former County Attorney is entitled to the commissions on the fines and is also entitled to the fees as provided by statute for his services in the cases that he tried and are now on appeal, provided, however, he has not already collected the maximum amount of his fees for the year in which said fees were earned, and, provided further, that said fees were reported by him as delinquent fees for that year, and are collected within twelve months after he goes out of office.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JAN 30, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:js

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Ardell Williams
Assistant